```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

                Plaintiff,
     vs.                              Case No. 08-40013-01-RDR

TIMOTHY L. ROE,

                Defendant.
_____
```

## MEMORANDUM AND ORDER

On September 19, 2008, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the sentencing hearing.

The defendant has entered a plea of guilty to receipt of child pornography in violation of 18 U.S.C. §§ 2256 and 2252(a)(2). Following the preparation of the presentence report, the defendant submitted three objections. The defendant has also filed an extensive sentencing memorandum addressing the objections and the factors under 18 U.S.C. § 3553(a). The government has submitted a responsive sentencing memorandum.

**Two-Level Enhancement under U.S.S.G. § 2G2.2(b)(2)**

The defendant objects to a two-level increase based upon the application of U.S.S.G. § 2G2.2(b)(2). He contends that the preponderance of the evidence does not show that any of the photographs in this case involve children under the age of 12. The government and the probation office assert that the two-level

increase is appropriate.

A two-level increase is warranted if the child pornography involves a prepubescent minor or a minor who has not attained the age of 12. U.S.S.G. § 2G2.2(b)(2). Common knowledge and experience are generally sufficient to identify a minor as prepubescent. United States v. Kimler, 335 F.3d 1132, 1144 (10th Cir.), cert. denied, 540 U.S. 1083 (2003). The need for expert testimony on this issue must be determined on a case-by-case basis. Id.

Having reviewed the photographs, the court is persuaded that some of them obviously depict children who are prepubescent. The court does not believe that expert testimony is necessary. The images themselves provide sufficient evidence of prepubescence to support the sentence enhancement. Accordingly, this objection shall be denied.

**Four-Level Enhancement under U.S.S.G. § 2G2.2(b)(4)**

The defendant objects to a four-level increase based upon the application of U.S.S.G. § 2G2.2(b)(4). The defendant contends that the photographs in this case do not depict violent or sado-masochistic behavior. The government suggests that this enhancement, while not as clear cut as the previous one, should still be applied. The probation office agrees that the enhancement should apply.

The base offense level of a defendant convicted of violating 18 U.S.C. § 2252(a)(2) is properly increased by four levels if the

material he received "portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. 2G2.2(b)(4). An image of an adult sexually penetrating a prepubescent child portrays conduct from which a court can presume that pain and humiliation were inflicted upon the child as a means to give sexual gratification to the viewer of the image and, thus, is inherently sadistic or violent for the purposes of § 2G2.2(b)(4). <u>Kimler</u>, 335 F.3d at 1143.

   Having reviewed the photographs and videos in this case, the court is not persuaded that the four-level enhancement should be applied. The court does not find that the photographs display the sadistic and masochistic conduct or violence necessary for the enhancement. Some of the photographs do depict sexual intercourse, but it is difficult, if not impossible, to tell the age of the female involved either due to the nature of the photograph or the poor quality of the photograph. The court can assume that the females involved are children, but we believe such an assumption is inadequate to support this enhancement. In addition, the court has viewed the video noted by the government, and we fail to find that this video depicts the type of violence necessary for this enhancement. In sum, while the defendant's collection of pornography is vile and reprehensible, the court does not find that it contains sadistic or masochistic conduct or violence that requires the application of § 2G2.2(b)(4). This objection shall be

sustained.

**Acceptance of Responsibility under U.S.S.G. § 3E1.1**

The defendant contends that he should receive a three-level reduction for acceptance of responsibility.  The probation office contends that the three-level reduction should be denied because he continued to view child pornography while on pretrial release.  The probation office asserts that the defendant's conduct does not show that he has voluntarily terminated or withdrawn from criminal conduct.  The government has agreed to recommend that the defendant receive acceptance of responsibility pursuant to the plea agreement.

A reduction for acceptance of responsibility is appropriate "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility."  Id., cmt. 5.

A review of the circumstances here suggests that the defendant is entitled to a three-level reduction for acceptance of responsibility.  He has never denied his guilt and has indicated remorse for his actions.  The court is not persuaded that his actions while on pretrial release preclude his receipt of acceptance of responsibility. Accordingly, the court shall sustain this objection.

**Summary**

With the aforementioned decisions, the defendant's offense level becomes 26 with a guideline range of 63 to 78 months. The court has decided that the appropriate sentence for this case is 65 months.  The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation and protection of the public.  Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct.

**IT IS SO ORDERED.**

Dated this 24th day of September, 2008 at Topeka, Kansas.


                                    s/Richard D. Rogers
                                    United States District Judge